UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:01-CV-355-TS |
| ) | |
| STAR FINANCIAL BANK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On May 18, 2005, the Plaintiff's expert, James Long, submitted a Supplemental Disclosure and Expert Report. Long prepared the supplemental report after he recalculated the Plaintiff's damage estimates from his original March 3, 2004, report. The changes were prompted by new evidence uncovered by the Plaintiff after the Court reopened discovery for the benefit of the Plaintiff.

Except for pages six and seven of the report, the Defendant is seeking to strike it in its entirety because: it contains an entirely new category of damages based on a claim not before the Court; the report is riddled with the expert's personal opinions of how the Defendant handled the production of documents; and the report contains the expert's accounting which is based on mere speculation, conjecture, or surmise. The Plaintiff is opposing the Defendant's motion and argues that the supplemental report meets all the requirements for litigation in federal courts.

**A.  Expert's Report Regarding Commercial Overdraft Privilege**

In his supplemental report, Long introduced a new $1,391,707 claim for damages, arising

out of the Defendant's implementation of Commercial Overdraft Privilege program in July 2003. As there is no cause of action for Commercial Overdraft Privilege program before this Court, the Plaintiff has chosen an improper method to introduce a new and belated claim, and the Court will strike that part of the report.

Moreover, the Plaintiff has recognized that the usefulness of Long's analysis is contingent on the Court's denying the Defendant's motion for partial summary judgment. Since the Court has granted that motion, Long's testimony regarding the Defendant's profits from its Commercial Overdraft Privilege program is not even remotely relevant to the remaining issues.

**B. Expert's Commentary on Matters not Related to his Expertise**

Long's report is not limited to his accounting expertise. In several places, he included his personal opinions of how the Defendant handled the production of discovery, a matter outside the scope of allowable expert testimony under the Federal Rule of Evidence 702. This rule limits an expert's testimony to "scientific, technical, or other specialized knowledge" necessary to "assist the trier of fact to understand the evidence or to determine a fact in issue." Accordingly, the Court will strike the following statements from Long's report:

- . . . it has become obvious that [STAR's] answers to questions have been, at best, non-responsive and that [STAR] has not awarded fair and reasonable compensation to [JMF] as defined by the contract . . . . (Long's Supp. Report at 4.);
- Sadly, [STAR's] concealment of the full scope of the 'approved and installed' recommendations by [JMF] means [JMF] may well not receive the full amount of the fair and reasonable compensation which [STAR] warranted. (*Id*. at 14.)

2

- As with so many of the issues in this litigation, it has become obvious that [STAR's] answers to questions have been, at best, non-responsive and that [STAR] has not awarded fair and reasonable compensation to [JMF] as defined by a contract . . . ." (*Id*. at 4.)
- "Others have likely gone unnoticed due generally to the woefully inadequate production of records and files provided by the bank." (*Id*. at 14)

### C.  Reliability of the Expert's Damage Calculations

The Defendant claims that Long's supplemental Report contains data that is merely speculative and that would not assist a jury in determining damages.

"[A] jury may not award damages on the mere basis of conjecture and speculation. Yet lost profits need not be proved with mathematical certainty. If the evidence is sufficient to enable the jury to make a fair and reasonable determination, the objection of uncertainty is not available." *Farm Bureau Mut. Ins. Co. v. Dercach*, 450 N.E.2d 537, 540–41 (Ind. Ct. App. 1983) (citations omitted).

Aside from its generic assertion that Long's calculations are speculative, the Defendant has not pinpointed any parts of the report that it believes to be unreliable. Rather, the Defendant is discrediting Long's calculations, which it should do before the jury, not this Court. Although Long bases some of his calculations on assumptions, projections, and approximations, they are grounded on the Defendant's own general ledger. If there are any flaws with Long's methodology, the Defendant has not explained them. Moreover, the Defendant has not demonstrated that Long's accounting will not assist the jury in their finding of facts. Accordingly, the Court will not strike

Long's calculations. At trial, the Defendant will have ample opportunity to challenge Long's opinion with its own evidence.

## CONCLUSION

The Defendant's Motion to Strike the Plaintiff's Supplemental Disclosure and Expert Report [DE 164] is GRANTED in PART and DENIED in PART.

SO ORDERED on July 14, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT