UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN M. FLOYD & ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:01-CV-355-TS |
| | ) | |
| STAR FINANCIAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

A jury trial was held in this matter from November 1 to November 8, 2005. The Plaintiff was awarded $426,856 in damages. Two matters remain pending. First, after trial, the Plaintiff moved to amend the judgment to include an award of prejudgment interest. The Defendant responded on December 12, 2005, arguing damages were not readily ascertainable. Second, the Defendant filed its Motion to Review and Deny Bill of Costs on December 6, 2005. The Defendant argues the Plaintiff was not the prevailing party and is not owed costs under Federal Rule of Civil Procedure 54(d), and even if it was, the costs submitted by the Plaintiff are unreasonable. The Plaintiff responded on December 21, 2005.

For the reasons stated below, the Court denies the Plaintiff's motion for prejudgment interest, and denies the Defendant's motion to review the Plaintiff's bill of costs.

**A.     Prejudgment Interest**

"[P]rejudgment interest represents an element of complete compensation. As such, prejudgment interest is not simply an award of interest on a judgment, but rather is recoverable as 'additional damages to accomplish full compensation.'" *Johnson v. Eldridge*, 799 N.E.2d 29, 32

(Ind. Ct. App. 2003) (quoting *Harlan Sprague Dawley v. S.E. Lab Group*, 644 N.E.2d 615 (Ind. Ct. App. 1994)). The test for determining whether prejudgment interest is appropriate in a given case was set out in *New York, Chicago, & St. Louis Ry. Co. v. Roper*, 96 N.E. 468 (Ind. 1911), where the court stated as follows:

> The true test to be applied as to whether interest should be allowed before judgment in a given case or not is . . . whether the injury and consequent damages are complete and must be ascertained as of a particular time and in accordance with fixed rules of evidence and known standards of value, which the court or jury must follow in fixing the amount, rather than be guided by their best judgment in assessing the amount to be allowed for past as well as for future injury or for elements that cannot be measured by any fixed standards of value.

*Id.* at 472. In other words, "[a] party is entitled to an award of interest only where the amount of damages is readily ascertainable in accordance with fixed rules of evidence and accepted standards of valuation" and "[d]amages are readily ascertainable where the trier of fact need not exercise its judgment to assess the amount of damages." *Hooker Builders, Inc. v. Smalley*, 691 N.E.2d 1256, 1258 (Ind. Ct. App. 1998). An award of prejudgment interest is proper only where a simple mathematical computation is required. Damages that are the subject of a good faith dispute cannot allow for an award of prejudgment interest. *Bopp v. Brames*, 713 N.E.2d 866, 872 (Ind. Ct. App. 1999).

However, "Indiana's 'fixed and ascertainable' standard [does not mean] that whenever more than one figure representing damages . . . could have been adopted, no prejudgment interest may be awarded" because there have been many cases in which Indiana courts have allowed prejudgment interest "even though the fact finder had to use some degree of judgment in measuring damages." *Harlan Sprague Dawley, Inc.*, 644 N.E.2d at 618–19 (quoting *Simmons v. Pinkerton's, Inc.*, 762 F.2d 591, 607–08 (7th Cir.1985)). "[T]he question in each case must turn on its facts depending on

2

whether the jury appears to have been able to make a computation 'according to known standards of value,' or whether its award was by necessity largely a matter of subjective judgment about the value of certain losses." *Pub. Serv. Co. of Ind., Inc. v. Bath Iron Works Corp.*, 773 F.2d 783, 796 (7th Cir. 1985) (citing *Simmons, Inc.*, 762 F.2d at 607–08). "In resolving this question, factors such as the difference between the jury award and the amount sought, the nature and completeness of plaintiff's proof and the nature of the defendant's proof on damages, if any, are all relevant." *Id.*

Here, both parties agreed that the Defendant owed the Plaintiff one third of one year's revenue produced by the installation of the Plaintiff's recommendations. However, the exact amount of revenue generated by the Plaintiff's recommendations is impossible to know because no tracking system was installed. As a result, it was necessary to estimate the amount of revenue generated, and many reasonable methods of estimation were possible. The parties used different methods to estimate what this increase was. The Plaintiff claimed that it was owed money on two recommendations installed by the Defendant: $168,651 for the waiver/refund recommendation and $726,920 for the reverse post recommendation. The Defendant argued that it had already paid the Plaintiff and that it owed nothing.

Determining the amount of damages was not just a matter of finding the correct method of estimating the amount of increased revenue; rather, the determination also depended on interpreting the contract. The parties based their estimates on their view of what base period was required by the contract and whether revenue generated by another bank program, Courtesy Coverage, was also attributable to the reverse post program.

The jury did not agree with either the Defendant's or the Plaintiff's positions, and awarded the Plaintiff $426,856. How the jury reached this number is not known. The Plaintiff has not shown

how the evidence presented at trial could lead a jury to find liability in this amount. The Plaintiff speculates that perhaps the jury believed the testimony of the Defendant's witness that reverse post only affects the revenues for the first day a customer has overdrawn an account, and took this into account in determining how much revenue was caused by the reverse post program. (Pl. Reply 3–4; DE 254.) This is only speculation, and only shows how difficult it is to see how the jury reached the number it did by looking to the evidence alone. Rather, it appears to the Court that the jury's verdict was "largely a matter of subjective judgment." *Bath Iron Works Corp.*, 773 F.2d at 796. Under these circumstances, where the jury awarded damages on the basis of subjective valuations rather than known standards of value, Indiana law does not allow for an award of prejudgment interest and the Plaintiff's motion is denied.

### B.     Plaintiff's Costs

Federal Rule of Civil Procedure 54(d) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The Plaintiff filed a request for costs on December 1, 2005, and the Defendant moved to deny costs on December 6, 2005. The Plaintiff responded on December 21.  The Defendant has not requested costs.

### (1)     *Whether the Plaintiff Was the Prevailing Party*

The Defendant argues the Plaintiff was not the prevailing party because "JMF prevailed on

only two of its five asserted claims, and recovered only 11% of the total alleged dollar value of these claims." (Def. Br. 2; DE 252.) The Plaintiff argues that it is the prevailing party because the jury awarded it $426,856 in damages and the Defendant's counterclaim was dismissed.

"[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation. *Testa v. Vill. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). "When awarding fees pursuant to Rule 54(d), 'courts must give considerable attention to the relationship between the extent of success and the amount of the fee award, especially when the plaintiff has succeeded on only some of her claims.'" *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (quoting *Mary Beth G. v. City of Chicago*, 723 F.2d 1263, 1281 (7th Cir.1983)).

The Court finds that because the Plaintiff was awarded $426,856 at trial, the Plaintiff is the prevailing party as to the substantial part of the litigation, and that it may recover reasonable costs arising from the claims on which it succeeded, as stated below.

**(2)     *Whether Plaintiff's Costs are Reasonable***

The Defendant objects to many of the deposition transcripts purchased by the Plaintiff. The Court finds that these deposition transcripts were reasonable and necessary when purchased.

"[C]osts may be awarded for deposing a witness who is not called at trial as long as the deposition was necessary when taken." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). "A district court should disallow costs that are unreasonable either because they are excessive in amount or because they should not have been incurred at all." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 559 (7th Cir. 1999).

The Defendant objects to the Plaintiff's purchase of the transcript of James V. Long's

5

deposition because the Plaintiff did not call him to testify at trial. The Plaintiff argues that this deposition was necessary because the Defendant extensively questioned him about his personal and business background. The Plaintiff also states Long's deposition was necessary to determine the nature of an arithmetical error the Defendant claimed existed in the calculations of another of the Plaintiff's witnesses. The Court finds that the cost of this transcript is reasonable. When the transcript was purchased, the Plaintiff planned on using Long as its expert witness and needed the transcript to prepare for motions in limine, investigate the nature of the error the Defendant argued existed in the Plaintiff's damages calculations, and for other trial matters. At the time, this expense was reasonable.

The Defendant objects to the deposition transcripts of Richard Lippoli, Thomas M. Marcuccilli, Osborne Morgan, Thomas Wright, William Wingrove, Teresa Purvis, Sarah Steffan, Sherri L. Miller, Karen F. Gregerson, and James C. Marcuccilli. These depositions were all reasonably necessary when taken. The depositions of Lippoli, Miller, Steffan, Purvis, Morgan, Wright, and Wingrove, were all reasonably necessary for the Plaintiff to determine whether all of the documents requested by the Plaintiff had been turned over. The Defendant cannot argue it should not pay for these transcripts when its own failure to fully comply with discovery rules made them necessary.

The Defendant objects to the cost of the deposition transcripts of Karen Gregerson and James Marcuccilli because of their length. The length of these depositions was not unreasonable given Marcuccilli's and Gregerson's central roles in this case and the Defendant's failure to comply with discovery rules. Also, though their depositions included testimony on claims that were ultimately dismissed, they also testified to the Defendant's counterclaim, on which the Plaintiff prevailed.

"[T]he losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon*, 411 F.3d at 864. The Defendant has not shown any of the requested costs to be unreasonable or inappropriate. Thus, the Plaintiff is owed $31,039.25 for costs.

## ORDER

For the reasons stated, the Plaintiff's motion for prejudgment interest [DE 249] is DENIED, and the Defendant's motion to deny the Plaintiff's costs [DE 252] is DENIED. The Defendant is ORDERED to pay to the Plaintiff $31,039.25 in costs.

SO ORDERED on April 21, 2006.

   S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT